NOT FINAL UNTIL TIME EXPIRES TO FILE REHEARING
MOTION AND, IF FILED, DETERMINED

IN THE DISTRICT COURT OF APPEAL

OF FLORIDA

SECOND DISTRICT

NICK DiLORENZO and CHERYL )
DiLORENZO, )
 )
        Appellants, )
 )
v. )      Case No.   2D15-2122
 )
KEVIN LAM, D.P.M. and FAMILY )
FOOT AND LEG CENTER, )
 )
        Appellees. )
_____)

Opinion filed February 1, 2017.

Appeal pursuant to Fla. R. App. P.
9.130 from the Circuit Court for Collier
County; Cynthia A. Pivacek, Judge.

Scott S. Liberman, Sean F. Thompson,
and Kelley B. Stewart of Krupnick
Campbell Malone Buser Slama Hancock
Liberman, P.A., Fort Lauderdale, for
Appellants.

Pamela R. Masters and Nicholas A.
Shannin of Shannin Law Firm, P.A.,
Orlando, for Appellees.


KELLY, Judge.

        Nick and Cheryl DiLorenzo appeal from the nonfinal order compelling

arbitration of their medical malpractice claims against Kevin Lam, D.P.M.  We agree

with the DiLorenzos that the arbitration agreement at issue is unenforceable because, as explained by the supreme court in <u>Franks v. Bowers</u>, 116 So. 3d 1240, 1248 (Fla. 2013), it "seeks to enjoy the benefits of the arbitration provisions under the [Medical Malpractice Act[1]]" without adopting all its provisions. Specifically, as did the agreement in <u>Franks</u>, the agreement here incorporates the statutory cap on damages without also adopting the concession of liability provision of the Act. Further, for the same reasons <u>Franks</u> concluded the provision at issue in that case was not severable, we conclude that the provision here is likewise not severable. <u>See</u> <u>id.</u> at 1248-49. Accordingly, we reverse the order compelling arbitration and remand this case to the trial court for further proceedings.

Reversed and remanded.

WALLACE and SALARIO, JJ., Concur.

---

[1]<u>See</u> chapter 766, Fla. Stat. (2014).